the objectant's selection of property of a much higher value than that selected by the other residuary beneficiary, thereby preventing the estate from realizing income from any proceeds resulting from the sale of the property selected, as well as the objectant's failure to clearly establish any inequity by setting forth the precise difference in value between the two valuation dates.

The attorney fee award was appropriate, the absence of contemporaneous time records notwithstanding (cf., Matter of Kelly, 187 AD2d 718), since none were requested and no legal objection was raised in that respect, and the challenges to the amounts billed were otherwise insufficient to warrant a hearing as to reasonableness (see, Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co., 249 AD2d 137). Any duplication in the amounts billed by the executors' attorney and outside litigation counsel in the litigation involving the defaulting purchaser of the testatrix's cooperative apartment was offset by the undisputed waiver of fees for services rendered during the testatrix's lifetime.

We have considered the objectant's other contentions and find them to be unavailing. Concur—Nardelli, J. P., Wallach, Rubin and Williams, JJ.

■ In the Matter of LAWRENCE GURWITCH et al., Appellants. THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ADOLPHUS McPHERSON, Defendant. [681 NYS2d 534] —Order, Appellate Term of the State of New York, First Department (Parness, J. P., and Davis, J.; McCooe, J., dissenting), entered September 15, 1997, which affirmed an order of the Criminal Court of the City of New York, Bronx County (Megan Tallmer, J.), entered on or about July 11, 1996, imposing a sanction of $50 upon appellant attorney for failure to timely appear at a scheduled hearing, unanimously affirmed, without costs.

The sanction was properly imposed after appellant was given a reasonable opportunity to explain why he did not telephone the court or arrange for another attorney to advise the court of his lateness (see, Matter of Marcus v Bamberger, 180 AD2d 533; cf., Matter of Walsh v People, 206 AD2d 434). There is no indication that appellant could have offered any justification for this failure at a formal hearing. Concur—Nardelli, J. P., Wallach, Rubin and Williams, JJ. [See, 174 Misc 2d 948.]

■ In the Matter of ARTHUR D. KOWALOFF, a Disbarred Attorney. [683 NYS2d 832] —Application granted to the extent of referring the matter to a Referee for a hearing, where petitioner will have the burden of establishing by clear and

convincing evidence that he possesses the requisite character and general fitness to resume the practice of law. No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Wallach and Mazzarelli, JJ.

■ In the Matter of STANLEY SIMON, a Disbarred Attorney. [683 NYS2d 833] —Application granted to the extent of referring the matter to a Referee for a hearing, where petitioner will have the burden of establishing by clear and convincing evidence that he possesses the requisite character and general fitness to resume the practice of law. No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Wallach and Mazzarelli, JJ.

(December 22, 1998)

■ MASSACHUSETTS BAY INSURANCE COMPANY, Respondent-Appellant, v THOBURN M. STAMM, JR., Individually and as Conservator of MARILYN N. STAMM, Appellant-Respondent and Third-Party Plaintiff-Appellant-Respondent. HANOVER INSURANCE COMPANY, Third-Party Defendant-Respondent-Appellant. [683 NYS2d 20] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 27, 1997, *inter alia*, granting plaintiff's motion for summary judgment to the extent of dismissing, without prejudice, defendants' fraud claims and counterclaims and striking defendants' claims for attorneys' fees and punitive damages, granting plaintiff's motion to dismiss the defendants' fifth and sixth affirmative defenses, but denying plaintiff's motion to dismiss defendants' fourth affirmative defense, unanimously modified, on the law, to grant the motion for summary judgment dismissing defendants' fraud claims, on the merits, and dismissing defendants' fourth affirmative defense, and otherwise affirmed, without costs.

Defendant and third-party plaintiff/conservator Thoburn Stamm drove the vehicle in which his wife, conservatee Marilyn Stamm, was seriously injured in a 1985 Michigan car accident involving another vehicle, after which she lapsed into a five week coma; she remains disabled. Plaintiff Massachusetts Bay Insurance Company, which had provided automobile insurance to the Stamms, and third-party defendant Hanover Insurance Company, which had provided personal catastrophe coverage, provided a defense on counterclaims against Thoburn Stamm in the personal injury action that the Stamms had commenced in 1986 in Bronx Supreme Court (Bertram Katz, J.) against the owner of the other vehicle and the manufacturer of their own vehicle. That action settled for approximately